# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

LAWRENCE E. FENDERSON,

     Plaintiff,

v.                                Case No. 17-13620

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

_____/

## OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

All matters in this Social Security appeal stemming from the denial of disability benefits were referred to Magistrate Judge Steven Whalen for consideration and recommendation. (Dkt. #3.) Both Plaintiff and Defendant filed motions for summary judgment. (Dkt. #12,16.) Currently before this court is a Report and Recommendation ("R&R") issued by Judge Whalen which recommends granting Defendant's motion for summary judgment and denying Plaintiff's motion for summary judgment. (Dkt. #17.) Plaintiff timely filed three objections to the R&R. (Dkt. #18.) After reviewing the R&R and the parties' filings, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below and in the R&R, the court will overrule Plaintiff's objections and adopt the R&R in its entirety without alteration.

### I. STANDARD

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*,

447 U.S. 667 (1980); *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2015); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).

In order for this court to apply meaningful de novo review, it is insufficient for the objecting party to simply incorporate by reference earlier pleadings or reproduce an earlier unsuccessful motion for dismissal or judgment (or response to the other party's dispositive motion). Insufficient objections to a magistrate judge's analysis will ordinarily be treated by the court as an unavailing general objection. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement.").

## II.  DISCUSSION

### A.  Plaintiff's First Objection

In essence, Plaintiff's first objection lodges a general disagreement with the analysis of his medical records, which does not form a cognizable basis for objection. Plaintiff claims that the ALJ and Judge Whalen "misconstrued the medical evidence and testimony" (Dkt. #18, PageID 534) and proceeds to list various pieces of medical testimony from the record before conclusively stating that the conditions listed "would make it impossible for Plaintiff to perform work." (*Id.* at 536.) Absent from Plaintiff's first objection is any analysis explaining how the cited evidence was misconstrued nor any substantive critique of the ALJ's assessment of the evidence. Given the absence of

such analysis, the court sees no reason to depart from the well-reasoned opinion of Judge Whalen. The court will overrule Plaintiff's first objection.

## B. Plaintiff's Second Objection

In his second objection, Plaintiff argues that Judge Whalen erred in determining that the ALJ properly analyzed the opinions of the State agency psychological consultant. Specifically, Plaintiff claims that the ALJ did not properly state what weight was assigned to the consultant's opinion. However, Plaintiff fails to explain what weight he believes the opinion should have received.

A medical provider who reviews a claimant for the sole purpose of providing an evaluation for disability benefits is not considered a treating source. *See Grisier v. Comm'r of Soc. Sec.*, 721 F. App'x 473, 476 (6th Cir. 2018) (quoting 20 C.F.R § 404.1527(a)(2)). Although an ALJ must specifically explain her reasons for discounting the expert opinion of a treating source, the same detail is not required when an ALJ assigns less weight to the opinion of a non-treating source. *See Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 273 (6th Cir. 2015). The state agency psychological consultant was hired to perform an evaluation for this case and, therefore, is a non-treating source. As such, the ALJ was not required to specifically describe which of the consultant's opinions she gave less weight. Nevertheless, as Judge Whalen explains in the R&R, the ALJ cites specific reasons for assigning only "some weight" to the consultant's opinion, namely how this opinion squared with earlier assessments of Plaintiff. (Dkt. #17, PageID 523.) Because the consultant is a non-treating source, the ALJ need not offer any additional explanation.

### C. Plaintiff's Third Objection

Finally, Plaintiff asserts that the ALJ and Judge Whalen erred by not considering the side effects of Plaintiff's medication—drowsiness. Absent from this objection is any explanation or analysis as to what weight Plaintiff believes the ALJ should have assessed his side effect in calculating Plaintiff's RFC. (Dkt. #18, PageID 538.) Without such explanation, this objection provides little more than a generalized disagreement with the ALJ's analysis, and the court cannot depart from the sound reasoning of the ALJ or Judge Whalen based on such general disagreement.

As Judge Whalen correctly notes in his R&R, an ALJ should consider claims of medically-determinable impairments in light of the entire case record. (Dkt. #17, PageID 527.) Judge Whalen points to specific portions of the ALJ's opinion that reference medical records from treating sources in which Plaintiff reports normal memory, concentration, and energy. (*Id.*) This evidence is sufficient to support a non-disability finding despite Plaintiff's claimed side effects.

### III. CONCLUSION

For the reasons stated above, the court will overrule Plaintiff's objections and adopt the Judge Whalen's R&R in full and without amendment. Accordingly,

IT IS ORDERED that Plaintiff's objections (Dkt. #18) are OVERRULED and that Judge Whalen's Report and Recommendation (Dkt. #17) is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment

(Dkt. #16) is GRANTED and Plaintiff's Motion for Summary Judgment (Dkt. #11)

is DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  January 14, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 14, 2019, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(810)292-6522

S:\Cleland\Cleland\HEB\Civil\17-13620.FENDERSON.adopt.R&R.HEB.docx